IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SUSAN C. STOTTS                                                                          PLAINTIFF

vs.                             Civil No. 4:07-cv-04038

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Susan C. Stotts ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB now before this Court was protectively filed on June 1, 2004. (Tr. 52-55). In this application, Plaintiff alleged an onset date of October 8, 2003. (Tr. 53, 76). Plaintiff also alleged she was disabled due to "Epstein bar virus/cystitis/heart-back problems/migraines." (Tr. 75). Plaintiff also claimed at the administrative hearing that she was

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

disabled because of her eye problems. (Tr. 418-422). Plaintiff's application was initially denied on November 3, 2004 and was denied again on reconsideration on March 28, 2005. (Tr. 29-32). Plaintiff requested an administrative hearing which was held *via* video teleconferencing on April 14, 2006 in Little Rock and Texarkana, Arkansas. (Tr. 410-440). Plaintiff was present but was not represented by counsel at this hearing. *See id.* Only Plaintiff and Plaintiff's husband (Frederick T. Stotts) testified at this hearing. *See id.* At the time of this hearing, Plaintiff was fifty-six years-old, which is classified as a "person of advanced age" under 20 C.F.R. § 404.1563(c) (2007). At the time of this hearing, Plaintiff had received her high school diploma and had completed one and one-half years of collegiate studies. (Tr. 414).

On August 24, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 15-21). In this opinion, the ALJ determined that Plaintiff met the disability insurance requirements of the Act on her alleged onset through September 30, 2005. (Tr. 17, Finding 1). The ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 17, Finding 2). The ALJ determined that Plaintiff "has the following impairments: heart problems and mood disorder that are considered severe within Regulation 20 CFR 404.1520(c) and Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985)." (Tr. 17-18, Finding 3). The ALJ also determined, however, that neither these severe impairments nor any of Plaintiff's other impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 18-20, Finding 5). In evaluating Plaintiff's subjective complaints, the ALJ determined that "the claimant's [Plaintiff's] statements concerning the intensity,

duration, and limiting effects of . . . [her] symptoms are not entirely credible." (Tr. 20). The ALJ based this determination upon "the evidence of record." (Tr. 20). The ALJ also evaluated and examined Plaintiff's medical records in detail. (Tr. 18-20). Based upon his findings, the ALJ determined Plaintiff retained the RFC to perform light work. (Tr. 18-20). According to the Social Security Regulations ("SSRs"), "light work" includes the following:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567 (2007).

The ALJ also determined that Plaintiff could perform her Past Relevant Work ("PRW") as a bank teller or an office manager. (Tr. 20-21, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 435). The VE testified that Plaintiff's PRW included work as a bank teller (skilled, light) and as an office manager at a law office (skilled, sedentary). *See id.* The ALJ determined, based upon the VE's testimony and in light of Plaintiff's RFC and other limitations, that Plaintiff could perform her PRW as either a bank teller or as an office manager, both of which may be performed by a person with the RFC to perform light work. (Tr. 20-21, Finding 6).

On February 28, 2007, the Appeals Council declined to review the ALJ's August 24, 2006 hearing decision. (Tr. 4-6). Subsequently, Plaintiff filed the present action. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 19, 2007. (Doc. No. 2). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal arguing, in very broad terms, that the ALJ erred by (1) finding Plaintiff retained the RFC to perform light work, (2) finding Plaintiff was capable of performing her PRW as a bank teller or office manger, and (3) finding Plaintiff was not under a "disability," as defined in the Social Security Act, through the date of his decision. (Doc. No. 8, Pages 1-5). Plaintiff's five-page brief offers very little argument in support of these broad claims. *See id.*

In response, Defendant argues that Plaintiff's medical records support the ALJ's finding that Plaintiff retained the ability to perform light work. (Doc. No. 9, Pages 3-7). Specifically, Defendant argues that none of Plaintiff's treating physicians placed work limitations on Plaintiff due to her

impairments and that "Plaintiff's medical conditions were stable and relatively normal over the relevant time period." *See id.* Defendant also argues that the ALJ properly considered, and discounted, Plaintiff's subjective complaints of pain. (Doc. No. 9, Pages 9-10). Defendant argues that "the ALJ discussed subjective factors such as medication efficacy, and other relevant factors throughout the body of his decision (Tr. 17-21)." *See id.* Finally, Defendant argues that Plaintiff had the burden of establishing that she was unable to perform her PRW and that Plaintiff did not meet her burden in this case. (Doc. No. 9, Pages 8-9). Thus, the ALJ did not err in finding that Plaintiff could perform her PRW. Because this Court finds that the ALJ erred in evaluating and discounting Plaintiff's subjective complaints, this Court will only address Plaintiff's first argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 F. 2d at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In his opinion dated August 24, 2006, the ALJ found that Plaintiff retained the RFC to perform light work. (Tr. 18-20, Finding 5). In making this determination, the ALJ stated that he considered and then discounted Plaintiff's subjective complaints that she cannot perform light work. (Tr. 19-20). Specifically, the ALJ stated the following:

> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, and 96-6p.

7

(Tr. 19).

The ALJ, however, provided no analysis of the relevant *Polaski* factors in discounting Plaintiff's subjective complaints. (Tr. 18-20). Instead of analyzing the *Polaski* factors, the ALJ only summarized Plaintiff's claims and her testimony. (Tr. 19-20). For example, the ALJ included summaries such as the following:

> Claimant testified her daily activities consist of getting up and not getting dressed until the afternoon if she has to go somewhere. She said she tires easily and if her husband is not with her she does not go to the store. She said on a normal day she stays home tries to be quite and don't promote activity [sic] to make attack or do too much due to the fibromyalgia. She said her clothing business closed not because of divorce. She said after the divorce she could only travel a short period of time. She said it was a men's wardrobe service for men who did not have time to shop and once the size was known the claimant would pick and order their clothes.

(Tr. 20). Then, after summarizing all of Plaintiff's claims and testimony, the ALJ made the following broad statement disregarded Plaintiff's subjective complaints:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

(Tr. 20).

This analysis of Plaintiff's subjective complaints is wholly inadequate. *See Polaski,* 739 F.2d at 1322. In discounting Plaintiff's subjective complaints, the ALJ did little more than summarize Plaintiff's testimony. (Tr. 18-20). The ALJ is required to review Plaintiff's testimony, in light of the *Polaski* factors, and discount that testimony based upon inconsistencies in the record. *See Baker,* 159 F.3d at 1144. In this case, the ALJ erred by discounting those complaints with this one broad, sweeping finding. Because the ALJ provided no inconsistencies that would provide a basis for

8

discounting Plaintiff's subjective complaints, this case must reversed and remanded. *See Cline v. Sullivan,* 939 F.2d 560, 568-69 (8th Cir. 1991).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of January, 2008.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge